IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,                              No. CIV S-00-2799 FCD PAN P

    vs.

CHERYL K. PLILER, WARDEN, et al.,

    Defendants.                     <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 10, 2006, plaintiff filed a motion for a court order requiring prison officials to provide him with access to his legal materials. By order filed March 27, 2006, defendants were directed to respond to plaintiff's motion within ten days. Defendants did not file their response until June 28, 2006. In response to defendants' failure to respond in a timely manner, plaintiff filed on May 1, 2006, a request for judicial notice of defendants' non-compliance with the March 27, 2006 order and on June 21, 2006, a document styled as a "Ex Parte Motion for an Order on Obstruction of Justice."

        In their June 28, 2006 response, defendants represent that all of plaintiff's legal material has been at Calipatria State Prison since March 2, 2006 and that plaintiff has since that

/////

1

time been able to access the material by complying with applicable prison policies and procedures. Plaintiff's March 10, 2006 request is moot and will therefore be denied.[1]

On March 30, 2006, plaintiff filed a document styled "Ex Parte Motion Requesting This Court to Issue an Order on 'Access to Court.'"[2] By this motion, plaintiff seeks a court order requiring officials at Calipatria State Prison to modify their procedures concerning access to the law library and legal materials for inmates in administrative segregation. Plaintiff has not shown that his constitutional right of access to the courts is being interfered with in any cognizable way. Cf. Lewis v. Casey, 518 U.S. 343, 351 (1996) (inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions, and to protection from acts or omissions that prevent them from bringing, or cause them to lose, an actionable claim of such type). Plaintiff's motion will be denied.

On July 17, 2006, plaintiff filed a document styled as a request for issuance of an arrest warrant. The request is predicated on an alleged incident of excessive force by a correctional officer who works as a property officer in the administrative segregation unit at Calipatria following an inquiry by defense counsel into the status of plaintiff's legal materials.

---

[1] Defendants state that their response was untimely because the March 24, 2006 order was "for unknown reasons . . . overlooked." (Defendants' Response to Court's March 24, 2006 Order Regarding Plaintiff's Request for Return of Legal Materials and Plaintiff's Subsequent Request Regarding Obstruction of Justice, filed June 28, 2006, at 2.) The court finds no evidence that defendants were attempting to obstruct the orderly process of this action. Plaintiff's June 21, 2006 motion will be denied.

[2] Plaintiff's motion was not served on defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. See Local Rule 5-135(b). Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. See Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

1 The correctional officer named in plaintiff's request is not a defendant in this action. The court
2 does not have authority to issue an arrest warrant in this action under the circumstances alleged
3 by plaintiff, nor is the court able to issue an order against individuals who are not parties to a suit
4 pending before it. See <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).
5 Plaintiff's July 17, 2006 request will be denied.

   Finally, on August 9, 2006, defendants filed a request for an extension of time until September 20, 2006 to complete plaintiff's deposition. Good cause appearing, defendants' request will be granted.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's March 10, 2006 motion for court-ordered access to his legal materials is denied;

   2. Plaintiff's March 30, 2006 motion is denied;

   3. Plaintiff's June 21, 2006 motion is denied;

   4. Plaintiff's July 17, 2006 request is denied;

   5. Defendants' August 9, 2006 request for an extension of time to complete plaintiff's deposition is granted; and

   6. Defendants are granted an extension of time to and including September 20, 2006 to complete plaintiff's deposition.

DATED: August 17, 2006.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
cohe2799.o