1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY JAMES COHEA,

11              Plaintiff,                    No. CIV S-00-2799 FCD PAN P

12        vs.

13   CHERYL K. PLILER, WARDEN,
     et al.,
14
                Defendants.                   FINDINGS & RECOMMENDATIONS
15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on plaintiff's second amended complaint, filed July

18   11, 2003.  Plaintiff's claims arose at California State Prison-Sacramento and this action is

19   proceeding against several defendants employed at that institution.  On May 22, 2006, plaintiff

20   filed a motion for a temporary restraining order.  In this motion, plaintiff reargues the dismissal

21   of a claim dismissed by the district court on March 31, 2006 for failure to exhaust administrative

22   remedies prior to suit.  Plaintiff also predicates his motion on alleged disciplinary proceedings

23   that occurred in 2004 and his placement this year in administrative segregation at Calipatria State

24   Prison.

25              The purpose in issuing a temporary restraining order is to preserve the status quo

26   pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a

1  temporary restraining order due to the fact that very few such orders can be appealed prior to the

2  hearing on a preliminary injunction.  It is apparent however, that requests for temporary

3  restraining orders which are not ex parte and without notice are governed by the same general

4  standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v.

5  Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.

6  Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);

7  Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the

8  emphasis of the court is directed to irreparable harm and the balance of hardships because the

9  merits of a controversy are often difficult to ascertain and adjudicate on short notice.

10          The legal principles applicable to a request for preliminary injunctive relief are

11  well established.  To prevail, the moving party must show either "(1) a likelihood of success on

12  the merits and the possibility of irreparable injury, or (2) the existence of serious questions going

13  to the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland

14  Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985),

15  quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984);

16  see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations

17  represent two points on a sliding scale with the focal point being the degree of irreparable injury

18  shown.  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must

19  demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a

20  significant showing of irreparability, the court need not reach the issue of likelihood of success

21  on the merits.  Id.

22          As a threshold matter, the principal purpose of preliminary injunctive relief is to

23  preserve the court's power to render a meaningful decision after a trial on the merits.  See C.

24  Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973).  In addition to

25  demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary

26  injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports

1  Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda

2  v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d

3  308, 315 (9th Cir. 1979).  Implicit in this required showing is the notion that the relief awarded is

4  only temporary and there will be a full hearing on the merits of the claims raised in the injunction

5  when the action is brought to trial.

6        In addition, as a general rule this court is unable to issue an order against

7  individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine

8  Research, Inc., 395 U.S. 100 (1969).[1]

9        The claims on which plaintiff's motion for temporary restraining order is

10  predicated are not included in the amended complaint on which this action is proceeding.  For

11  that reason, the claims will not be given a hearing on the merits at trial.  Further, the claim does

12  not implicate this court's jurisdiction in a way that might justify application of the All Writs Act

13  to reach officials at Calipatria State Prison who are not named in the underlying litigation.  See

14  footnote 2, supra.  For these reasons, plaintiff's motion for temporary restraining order should be

15  denied.

16        In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's

17  May 22, 2006 motion for temporary restraining order be denied.

18        These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

20  twenty days after being served with these findings and recommendations, any party may file

21  written objections with the court and serve a copy on all parties.  Such a document should be

22

23      [1]  The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the

24  court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and

25  preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in

26  appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

2  objections shall be served and filed within ten days after service of the objections.  The parties

3  are advised that failure to file objections within the specified time may waive the right to appeal

4  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: August 17, 2006.

6

7

UNITED STATES MAGISTRATE JUDGE

8

9  12
   cohe2799.tro
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26