IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,

vs.

CHERYL K. PLILER, Warden, et al.,

    Defendants.

No. CIV S-00-2799 FCD EFB P

ORDER

_____/

Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On November 8, 2006, plaintiff filed a motion for sanctions pursuant to Local Rules 11-110, 39-141, and 37-251(d) and the Federal Rules of Civil Procedure "regarding stipulation of deposition transcripts."

Plaintiff claims that on July 19, 2006, plaintiff received an empty envelope, mailed to him from defense counsel, which should have contained a "Notice of Taking Deposition by Videoconference." Approximately nine days later, on July 28, 2006, defense counsel arrived at Calipatria State Prison, where plaintiff is housed, in order to depose plaintiff. Plaintiff claimed that he was not served with notice of the deposition and was unprepared. The parties stipulated on the record to an extension of time to complete plaintiff's deposition, of no later than 90 days

1

beyond the August 11, 2006, discovery cut-off.  On August 9, 2006, defendants filed a request for an extension of time for this purpose, informing the court that defendants had given proper notice of deposition, then as before, scheduled for September 20, 2006, in order to provide plaintiff with adequate time to prepare.  By order filed August 18, 2006, the court granted defendants' request.

In his motion for sanctions, plaintiff claims that defense counsel mailed an empty envelope as a ploy to deprive plaintiff of notice of the deposition scheduled for July 28, 2006, and either compel plaintiff to proceed unprepared or agree to a 90-day extension beyond the discovery cut-off date.  Plaintiff also claims that defendants are in violation of the rules for not having served him with a copy of his deposition transcript.

Defendants filed a response in opposition to plaintiff's motion on November 21, 2006, stating that "the United States Postal Service recently discovered that their automated equipment had caused the aforementioned deposition notice to become separated from the envelope and not delivered."  Defendants attached the notice as an exhibit to their response, together with the letter from the postal service.  Defendants maintain that the July 20, 2006, deposition date was continued to September 20, 2006, in order to accommodate plaintiff's concerns of insufficient notice and the need to review his legal documents.  Defendants also state that plaintiff's claims regarding service of a copy of his deposition transcript are mistaken, as plaintiff was afforded an opportunity to review the transcript in order to make corrections, and further, inmates are not permitted to keep copies of deposition transcripts unless they pay for them.

Based on this evidence the court finds that defendants did not engage in conduct warranting sanctions or discipline and instead have acted in good faith to compensate for an unpredictable mishap on part of the United States Postal Service.

////

////

////

Accordingly, it is ORDERED that plaintiff's November 8, 2006, motion for sanctions is denied.

Dated: July 5, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE