IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,

vs.

CHERYL K. PLILER, Warden, et al.,

    Defendants.

No. CIV S-00-2799 FCD EFB P

<u>ORDER</u>

---

Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. Presently pending is plaintiff's motion, pursuant to 28 U.S.C. § 144, to disqualify the undersigned, filed December 26, 2006. Plaintiff requests that the undersigned recuse himself for all purposes in this action and to have a different magistrate judge assigned.

Section 144 provides in full:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days

1

> before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The application of section 144 to judicial officers other than district court judges is not a settled question. *In re Smith*, 317 F.3d 918, 932 (9th Cir. 2002) ("section 144 applies only to district court judges. . . ."); *In re Goodwin*, 194 B.R. 214, (9th Cir.BAP 1996) (holding section 144 applies only to district court judges (citing *Liteky v. United States*, 510 U.S. 540, 546, 114 S.Ct. 1147, 1153 (1994) (section 455 was amended to include "bias or prejudice" grounds stated in section 144 so that the standard was "applicable to *all* justices, judges and magistrates (and not just district judges). . . .")); *see Bernard v. Coyne* (*In re Bernard*), 31 F.3d 842, 843 n. 3 (9th Cir.1994) (circuit court judge not subject to recusal under section 144). However, the court will assume that section 144 applies here.

Section 144 is directed to actual, personal bias against a party or in favor of another party. Recusal under this section is required if a timely and sufficient affidavit of a party is submitted, accompanied by a certificate of counsel that the affidavit is made in good faith. First, as discussed below, the affidavit is insufficient because it alleges no extrajudicial bias. The undersigned need not refer this matter to another judge in the absence of a sufficient affidavit. *See United States v. Azhacar*, 581 F.2d 735, 738 (9th Cir. 1978).

Alternatively, construing plaintiff's motion under section 455, which is applicable to magistrate judges, the undersigned also declines to recuse himself.

Section 455 of Title 28 states in relevant part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:

////

>(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

28 U.S.C. § 455(a)(b)(1)

Plaintiff accompanied his motion by an affidavit and certificate that his affidavit was made in good faith. The affidavit must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source—some source other than what the judge has learned through participation in the case." *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985). Like section 144, a judge is also required to disqualify himself under 28 U.S.C. § 455(b)(1) if he or she has a personal bias or prejudice against a party. Because the "personal bias or prejudice" language of section 455(b)(1) mirrors the language of section 144, the analysis of whether personal bias or prejudice has been demonstrated is the same. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir.2000); *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144") . The decision regarding disqualification under section 455 is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147, 1157 (1994.) Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 488. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 491. The test for disqualification under section

455 is the same as under section 144—whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.*

Plaintiff's affidavit fails to demonstrate personal bias–it complains of judicial actions taken in his previous case. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555, 114 S. Ct. 1147; *see also Willner v. University of Kansas*, 848 F.2d 1023, 1028 (10th Cir.1988) (motion to recuse cannot be based solely on adverse rulings). Plaintiff's affidavit complains of judicial matters and does not show a disposition on the part of the undersigned that demonstrates the undersigned is clearly unable to render fair and impartial findings, recommendations, opinions, and rulings. Accordingly, the affidavit is not legally sufficient on its face to demonstrate bias or prejudice under either section 144 or section 455(b)(1).

The undersigned has no conflict of interest or any degree of partiality and bias so that disqualification is appropriate or required. The undersigned maintains impartiality in all cases and will continue to do so. The court's orders and findings in this or in plaintiff's previous case did not and will not stem from an extrajudicial source, they did not reflect that the court cannot be impartial in this action, nor did they display favoritism or antagonism.

Accordingly, because the motion for recusal fails to demonstrate bias or prejudice or that the impartiality of the undersigned might reasonably be questioned, it is not sufficient to justify recusal under either section 144 or section 455.

Therefore, IT IS ORDERED that plaintiff's December 26, 2006, motion for recusal is DENIED.

DATED: July 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE