IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,                    No. CIV S-00-2799 FCD EFB P

    vs.

CHERYL K. PLILER, WARDEN, et al.,

    Defendants.             <u>ORDER</u>

_____/

    Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    On November 16, 2006, the court directed plaintiff to file a third-amended complaint. Plaintiff did so on November 30, 2006, together with a motion for leave to file it. As plaintiff has already received leave of court to file the amended complaint, his request is denied as superfluous.

    Plaintiff names Warden Pliler and Correctional Officer Adcock as defendants in his third-amended complaint. However, the court already granted summary judgment in favor of defendants Pliler and Adcock for failure to state a claim and failure to exhaust, respectively.

1

*See* Order file March 8, 2006. Plaintiff has established no basis for reconsideration of that ruling. Accordingly, the claims asserted against Pliler and Adcock in the third-amended complaint are dismissed.

The court finds that, for the limited purposes of § 1915A screening, the complaint states a cognizable claims for relief against defendants Colvin, McCargar, Scarsella, Rendon, Baughman, Micheels, Yamamoto, Akins, Adams, Gold, White, Sims, Sanders, Rosario, Flory, Scogin, Kelly, and Hill pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Within the body of his complaint, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

On both November 2 and 27, 2006, plaintiff filed requests for court orders regarding his access to the court, which the court construes as motions for preliminary injunctions. Plaintiff also filed, on April 23, 2007, a request for a temporary restraining order.

In his November 2, 2006, motion, plaintiff states that, while being held in administrative segregation from February 21, 2006, to March 23, 2006, he was only allowed access to the law library on one occasion, and that after receiving the court's findings and recommendations he was not allowed access to the library even after showing correctional officers the court's deadline for filing objections. Plaintiff also alleges that institution staff refuses to sell paper and envelopes to, or make copies at inmate expense for, inmates in administrative segregation. Plaintiff further alleges that he was prohibited from attaching another inmate's grievance, setting forth a similar complaint to that of plaintiff, as an exhibit in support of his motion. The law librarian removed plaintiff's exhibit and issued him a CDC 128 A conduct counseling form,

which was placed in his central file, accusing him of attempting to make copies for another inmate.

In his November 27, 2006, motion, plaintiff asserts that the law librarian has denied him a personal copy of legal documents filed with the court, has written him up using a CDC 128 A counseling form, accusing him of attempting to make a copy for himself, and has stated that further attempts to make personal copies of his filings will result in the issuance of a Rules Violation Report (CDC form 115). Plaintiff has attached a copy of the 128 A form as an exhibit.

On April 23, 2007, plaintiff filed a request for a restraining order alleging that he has been adversely transferred to another facility, placed in administrative segregation for more than a year, and then later placed in a Behavior Modification Unit (BMU) without due process and in retaliation for having filed this lawsuit. Plaintiff also alleges that placement in the BMU has caused him to be without his legal property and staff is threatening to dispose of all of his legal materials.

By way of these three motions, plaintiff seeks court intervention to prevent defendants' disposal of his property and to grant him meaningful access to the court by securing him time in the law library according to court deadlines and by providing him with paper, envelopes, copies, and his legal property as necessary to litigate in this action. Plaintiff further seeks court appointment of a special master to work with the institution in removing "these clear inadequacies." Good cause appearing, defendants are directed to respond to all three of plaintiff's motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 30, 2006, motion to amend his complaint is denied as superfluous;

2. Plaintiff's third-amended complaint states a claim against defendants Colvin, McCargar, Scarsella, Rendon, Baughman, Micheels, Yamamoto, Akins, Adams, Gold, White,

Sims, Sanders, Rosario, Flory, Scogin, Kelly, and Hill. Those defendants are directed to file a response to plaintiff's third-amended complaint within 20 days;

    3. Plaintiff's November 30, 2006, request for appointment of counsel is denied; and

    4. Defendants are directed to respond to plaintiff's November 2, 2006, November 26, 2006, and April 23, 2007, motions within 20 days.

DATED:   December 3, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4