IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

        Plaintiff,                           No. CIV S-00-2799 FCD EFB P

   vs.

CHERYL K. PLILER, Warden, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

                                /

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983.  This action proceeds on the November 30, 2006, amended complaint in which plaintiff claims that defendants have interfered with his constitutional right to access the courts by maintaining inadequate legal services to assist plaintiff in preparing and litigating his habeas corpus and civil rights claims.  Before the court are plaintiff's November 2, 2006, and November 27, 2006, motions for a temporary restraining order and a preliminary injunction, both requesting orders directing defendants to provide him with access to the institution's legal services and materials in order to comply with court orders.  Also before the court is plaintiff's April 23, 2007, motion for a temporary restraining and preliminary injunction seeking the return of his property, which he states was taken in retaliation for his maintenance of this action.  For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

1

**I.     Standards**

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995).

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a

2

likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

**II.   Discussion**

**A.  Plaintiff's Motions Regarding Law Library Access**

Plaintiff has not addressed the standards for preliminary injunctive relief nor shown how the orders he seeks relate to this lawsuit. As to the applicable standards, he has not shown that he is likely to prevail on the merits of his cased. Assuming that he has at least raised serious questions going to the merits, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. Plaintiff's motions for preliminary injunctions consist of 27 pages between them with citations to legal authority and 10 pages of attached exhibits. These filings alone evidence that plaintiff is gaining adequate access to the law library at his facility of incarceration. Plaintiff's motions for preliminary injunction must therefore be denied.

**B.  Plaintiff's Motion Regarding Retaliation**

Again, plaintiff has not explained this motion in the context of this case and the applicable standards for a preliminary injunction. He has failed to show that he is likely to prevail on the merits. Indeed, he fails to raise serious questions. Neither has he shown irreparable harm. Rather, his motion and supporting exhibits show that rather than refusing to return his stored property, defendants gave him an opportunity to provide documentation for its return.

His motion seeks the return of legal property which he claims was taken in retaliation for his maintenance of this action. He states that he was adversely transferred to Calipatria State Prison and has since been without his property. He claims that defendants are refusing to release to plaintiff, threatening to dispose of, or simply stealing his property. Plaintiff attaches exhibits in support of his claims.

Plaintiff has not shown that he was adversely transferred in retaliation for filing the instant case and continuing to prosecute it. Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff's motion and exhibits demonstrate that he was placed in the Behavior Modification Unit ("BMU"), and as a result his "Unauthorized Inmate Personal Property shall be disposed of in accordance with provision of the Department Operations Manual (DOM), Section 5430.12.2, Processing Disapproved Property." Pl.'s Mot., Ex. A. Plaintiff was given the option of having his property mailed out of the institution at his expense to an address of his choosing by completing a Trust Account Withdrawal Order with available funds within five days of his placement in BMU. *Id.* This contradicts his assertion that defendants are refusing to release or are attempting to steal his property. Plaintiff's Exhibit C is a notice stating to plaintiff:

> Receiving and Release (R&R) is currently storing legal material for you. California Code of Regulation (CCR), Title 15, Section 3191, states in part, Inmate may request the Institution/Facility store excess Legal material/documents related to their active case(s).
>
> However, R&R has no documentation your legal storage is due to active case(s). You must supply R&R with documentation proving your case(s) are still active by may 1, 2007, or the material will be disposed of per CCR 3191(c).
>
> If your case(s) is no longer active and you wish to mail your documents out, you must supply R&R with a completed trust account withdrawal order form with fund available.

1 Plaintiff's exhibit contradicts the content of his motion by demonstrating that defendants were
2 storing legal material rather than refusing to return it and that defendants gave him an
3 opportunity to supply documentation for its return.  Plaintiff's motion for preliminary injunction
4 must therefore be denied.

5 Accordingly, it is hereby RECOMMENDED that plaintiff's November 2, 2006,
6 November 27, 2006, and April 23, 2007, motions for preliminary injunction be denied.

7 These findings and recommendations are submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9 after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
12 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
13 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
14 Dated:  February 25, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE