IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

        Plaintiff,                   No. CIV S-00-2799 FCD EFB P

    vs.

CHERYL K. PLILER, Warden, et al.,

        Defendants.             ORDER AND
                                            FINDINGS AND RECOMMENDATIONS

/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the November 30, 2006 third amended complaint in which plaintiff asserts claims of retaliation by the defendants for purported incidents that occurred at California State Prison, Sacramento from 1995 to 2001. Defendants move to dismiss the claims against defendants Flory, Hill, Kelly, Rosario, Saunders, Scogin, Sims and White, on the ground that plaintiff failed to exhaust available administrative remedies. *See* 42 U.S.C. § 1997e(a). For the reasons stated below, the court finds that defendants' motion must be granted.

       Also before the court are plaintiff's December 21, 2007, December 28, 2007, February 11, 2008 and February 25, 2008 filings, wherein he requests various forms of relief. For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

1

I.      **Motion to Dismiss**

    A.      **Procedural History**

Plaintiff commenced this action on December 27, 2000. He claimed that defendant Pliler, the warden at Folsom Prison, had so limited plaintiff's access to the law library that he forfeited claims of actual innocence in his habeas proceedings and that he feared retaliation for asserting his rights. On March 21, 2002, the court dismissed plaintiff's complaint with leave to amend on the grounds that plaintiff had not alleged that a particular restriction caused an actual injury to his right of access to the courts and that his claim of retaliation was speculative.

On May 28, 2002, plaintiff filed a request to file a supplemental complaint. He alleged that defendant Pliler and her chief deputy warden, Rosario, retaliated against plaintiff for exercising his federal constitutional right of access to the courts by causing their agents to make false criminal charges against plaintiff and to separate plaintiff from prisoners he assisted in exercising the same right. On November 20, 2002, the court ruled that plaintiff had not cured the deficiencies identified in its March 21, 2002 order, and granted plaintiff leave to file an amended complaint.

Plaintiff then filed an amended complaint on March 25, 2003. That complaint was dismissed, with leave to amend, on May 2, 2003 because it did not comply with the Federal Rules of Civil Procedure. Nor did it comply with the court's order of November 20, 2002.

On July 11, 2003, plaintiff filed a second amended complaint naming 20 defendants. On August 27, 2003, the court found that pleading sufficient for the limited purposes of screening under 28 U.S.C. § 1915A(b). However, upon defendants' motion for summary judgment the court, on March 8, 2006, recommended that defendant Pliler be dismissed for failure to state a claim and defendant Adcock be dismissed for failure to exhaust.[1] Those findings and recommendations were adopted on March 31, 2006. The court also granted plaintiff leave to

---

[1] On January 3, 2007, plaintiff filed "belated objections" to these findings and recommendations.

2

amend his "conspiracy" claims.[2]

On November 30, 2006, plaintiff filed a third amended complaint.[3] That complaint alleges in part, that defendants Flory, Hill, Kelly, Rosario, Saunders, Scogin, Sims and White retaliated against plaintiff in January of 2001 for his filing of numerous administrative grievances. On December 20, 2007, defendants filed the instant motion to dismiss.[4]

**B.  Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action

---

[2] Plaintiff characterizes these claims as retaliation claims, not conspiracy claims.

[3] On December 4, 2007, the court screened this complaint pursuant to 28 U.S.C. § 1915A(b). The court dismissed plaintiff's claims against defendants Pliler and Adcock, finding that plaintiff had established no basis for reconsideration of the previous ruling that those defendants be dismissed. Plaintiff now devotes a substantial portion of his January 14, 2008 opposition brief arguing that pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, the court should vacate the portions of its orders dismissing defendants Pliler and Adcock from this action. Neither plaintiff's "belated objections" nor the arguments presented in his opposition brief demonstrate a basis for reconsideration of the prior rulings. *See* E.D. Cal. L.R. 78-230(k) (requiring movant to demonstrate new or different facts or circumstances that did not exist or were not shown upon the prior motion). Thus, plaintiff's request for reconsideration must be denied.

[4] Plaintiff's argument that the instant motion is barred by collateral estoppel, or issue preclusion, is without merit. There has been no final judgment and the doctrine has no application here. Furthermore, once an amended pleading is filed, the original pleading no longer serves any function in the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *see also Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the original complaint). Where a response was required to the original pleading, another response is required to the amended pleading. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000). Thus, defendants' motion is properly before the court.

challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The United States Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 215-16 (2007), that failure to exhaust under the PLRA is an affirmative defense and that if the affirmative defense can be decided on the complaint alone, a motion under Rule 12(b)(6) is appropriate. The Court explained:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id.* at 215.

**C.     Analysis**

Here, plaintiff filed the initial complaint on December 27, 2000. Exhaustion must be complete by the time a plaintiff commences the action, and therefore plaintiff must have exhausted by that date. *Vaden*, 449 F.3d at 1050. Plaintiff alleges, in part, that defendants Flory, Hill, Kelly, Rosario, Saunders, Scogin, Sims and White violated plaintiff's rights in January of 2001. Since these allegations arise from actions occurring after plaintiff commenced this lawsuit, plaintiff could not have exhausted his administrative remedies as to these claims prior to commencing this action and defendants' motion to dismiss on this ground should be granted.

Plaintiff argues that his claims should not be dismissed because he exhausted his claims on January 22, 2002, over a year before he filed the second amended complaint on July 11, 2003. The argument is unavailing. The statute requires exhaustion before the action is filed, and not

while the action is pending. *McKinney*, 311 F.3d at 1199; *Vaden*, 449 F.3d at 1051. Here, the action was commenced upon the filing of the initial complaint on December 27, 2000, over one year before plaintiff asserts that he completed exhaustion.

Plaintiff also argues that his second amended complaint is a "supplemental complaint." Thus, he argues, because the allegations in the supplemental complaint are related to allegations in his earlier complaints, he was only required to exhaust those claims prior to filing his "supplemental complaint." In support of this argument plaintiff cites *Barnes v. Briley*, 420 F.3d 673 (7th. Cir. 2005), where the Court of Appeals for the Seventh Circuit allowed a prisoner to amend his complaint to include claims that were exhausted during the pendency of his suit. The argument is simply contrary to the law of this circuit, which requires exhaustion at the time the action is commenced. *McKinney*, 311 F.3d at 1199; *Vaden*, 449 F.3d at 1051.

For these reasons, defendants' motion to dismiss must be granted.

**II.     Plaintiff's December 21, 2007 Request**

On December 21, 2007, plaintiff filed a motion, wherein he requests the following: (1) that correctional officer Barra be arrested, criminally prosecuted, and removed from his position at California State Prison, Calipatria; (2) that the court vacate three prior orders; (3) that the court appoint counsel; (4) that sanctions be imposed on defense counsel; and (5) that the court take judicial notice.

Plaintiff contends that in December of 2007, Correctional Officer Barra threatened, harassed and intimidated him. For this reason, plaintiff requests that the court order that Barra be arrested, prosecuted and removed from his position. As this court previously informed plaintiff, *see* Aug. 18, 2006 Order, this correctional officer is not a defendant in this action. Moreover, a civil action is not the process for and provides no authority to issue an arrest warrant or enter the other orders plaintiff has requested. Neither is there any basis for the court to issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

Plaintiff, relying on the above-referenced December 2007 allegations concerning Correctional Officer Barra, also seeks reconsideration of this court's August 18, 2006, December 8, 2006, and July 5, 2007 orders. The August 18, 2006 order denied four motions filed by plaintiff. The December 8, 2006 order denied plaintiff's motion for reconsideration of the August 18, 2006 order. The July 5, 2007 order denied plaintiff's request for sanctions. Pursuant to Local Rule 78-230(k), an application for reconsideration must set forth, by affidavit or brief, any new material facts and circumstances that support a claim that the court's previous ruling be revisited. Here, plaintiff fails to offer any such new evidence bearing on the court's prior rulings; rather, plaintiff simply makes new allegations of misconduct that do nothing substantively to change the analyses set forth in the challenged orders. *See* E.D. Cal. L.R. 78-230(k).

Plaintiff also requests the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Furthermore, plaintiff contends that in defendants' June 28, 2006 filing, defense counsel knowingly relied on false information provided by Correctional Officer Barra. For this reason, plaintiff requests that sanctions in the amount of $5,000 be imposed on defense counsel. In plaintiff's July 17, 2006 response to defendants' June 28, 2006 filing, however, plaintiff asserted that defense counsel's June 28, 2006 filing contained false and perjured statements. The court implicitly found that these allegations lacked merit, when on August 18, 2006, it relied on the statements made in defendants' June 28, 2006 filing, to deny plaintiff's related motion as moot. Thus, plaintiff's request for sanctions is denied.

////

Pursuant to Rule 201 of the Federal Rules of Evidence, plaintiff requests that the court take judicial notice, but plaintiff is not specific as to which facts he requests be judicially noticed. Judicial notice of adjudicative facts is appropriate with respect to matters that are beyond reasonable dispute in that they are either generally known or capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201 and advisory committee notes. Plaintiff's request is both improper and unnecessary, and is therefore, denied.

### III. Plaintiff's December 28, 2007 Motion for a Temporary Restraining Order

Plaintiff alleges that correctional officers at Calipatria have conspired to set up plaintiff for false rule violation reports of indecent exposure as a means of retaliating against plaintiff for exercising his right to free speech. For this reason, plaintiff asserts that a temporary restraining order is warranted regarding the California Department of Corrections and Rehabilitation's policy concerning "sexual behavior." Pl.'s Dec. 28, 2007 Mot. at 7.

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995). The court addresses preliminary injunctive relief herein and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching

power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

As stated above, this action proceeds on the November 30, 2006 third amended complaint in which plaintiff makes retaliation claims against defendants for purported incidents that occurred at California State Prison, Sacramento from 1995 to 2001. The claims raised in the instant motion are not part of the underlying complaint, and thus, do nothing to demonstrate a likelihood of success or at least serious questions as to the merits of this action.

////

Additionally, plaintiff's request for injunctive relief names individuals or entities who are not named as defendants in this action. The court reiterates, there is no basis to issue an order against individuals who are not parties to this action. *See Zenith*, 395 U.S. at 112.

Even if plaintiff had raised serious questions going to the merits of this action, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm.

**IV.     Plaintiff's February 11, 2008 and February 25, 2008 Requests**

In his February 11, and February 25, 2008 filings, plaintiff states that he was transferred on January 24, 2008, from Calipatria to California State Prison, Corcoran. He asserts that he was transferred without his legal property or his glasses, and that he has been denied library access since his arrival. Plaintiff requests an order finding that unnamed officials at both Calipatria and Corcoran have obstructed justice and denied him access to the courts.

Plaintiff contends that his transfer somehow "obstructed" this court's December 4, 2007 order, which directed defendants to respond to several motions filed by plaintiff. Defendants complied with that order on January 22, 2008 and plaintiff has not shown how his transfer violated this order in any way. Further, plaintiff has also not shown that he was adversely transferred as a means of interfering with his ability to litigate this, or any of his other pending cases. Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

To the extent plaintiff is requesting an order from the court directing that he be provided with his legal materials and library access, such a request appears unnecessary. Since filing the instant requests, plaintiff has actively litigated cases in this district, the Southern District of

California, and in the Court of Appeals for the Ninth Circuit.[5]  *See, e.g., Cohea v. Adams*, No. 1:08-cv-1186 JLO WMW, Docket Nos. 1, 2 (where, on August 13, 2008, plaintiff commenced a civil rights action with a 39-page complaint that summarized the status and history of cases he is litigating, and also filed a motion for a temporary restraining order that included ample citations to legal authority); *Cohea v. Scribner*, No. 3:07-cv-2013 JAH JMA, Docket No. 25 (where, on April 15, 2008, plaintiff filed a 39-page opposition brief to a motion to dismiss, complete with a table of legal authorities and exhibits); *see also Cohea v. Jones*, No. 08-15589 (9th Cir.); *Cohea v. Pliler*, 08-15859 (9th Cir.), *Cohea v. Salter*, 08-16364 (9th Cir.); *Cohea v. Scribner*, 08-55238 (9th Cir.).  Plaintiff's frequent and lengthy filings make it difficult for the court to conclude that he is being deprived of his legal materials and denied adequate access to the library.  Plaintiff's February 11, and February 25, 2008 requests must therefore be denied.

**V. Conclusion**

For the foregoing reasons, it is hereby ORDERED that plaintiff's December 21, 2007 motion is DENIED.

Further, it is hereby RECOMMENDED that:

1. Defendants' December 20, 2007 motion to dismiss the claims against defendants Flory, Hill, Kelly, Rosario, Saunders, Scogin, Sims and White, be GRANTED;

2. Plaintiff's January 14, 2008 motion for reconsideration, filed with his brief in opposition to the motion to dismiss, be DENIED;

3. Plaintiff's December 28, 2007 motion for a temporary restraining order be DENIED; and

////

---

[5] A court may take judicial notice of the fact that documents have been filed in another case.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that courts "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to the matters at issue") (internal quotation marks omitted).

4. Plaintiff's February 11, 2008 and February 25, 2008 requests be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE