IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

      Plaintiff,

vs.

CHERYL K. PLILER, et al.,

      Defendants.

No. CIV S-00-2799 FCD EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The case proceeds on plaintiff's third amended complaint, filed November 30, 2006, against defendants Adams, Akin, Baughman, Colvin, Gold, McCargar, Micheels, Rendon, Scarsella, and Yamamoto. On August 8, 2009, defendants moved to compel plaintiff to respond to their requests for production of documents and also requested monetary sanctions. On October 5, 2009, the court granted defendants' motion to compel, but deferred ruling on defendants' request for monetary sanctions. On February 11, 2010, defendants moved for terminating sanctions on the ground that plaintiff failed to obey the court's order compelling his document production.

////

////

1

**I.   Background**

On June 8, 2009, defendants timely served a request for production of documents on plaintiff, but plaintiff failed to respond. Dckt. No. 185 at 3, Ex. A. Accordingly, defendants filed a motion to compel production and requested monetary sanctions. *See id.* Plaintiff opposed the motion, arguing that he could not respond to defendants' requests because: 1) officials at his institution denied him access to a copy machine, and therefore, he could not produce copies of documents responsive to defendants' requests; and 2) that some of his legal materials had been confiscated, and despite his multiple requests to prison staff, the property had not been returned to him. Dckt. No. 187 at 5-9.

Plaintiff conceded that he had not respond to defendants' request for production and the court granted the motion to compel, but deferred ruling on the request for monetary sanctions. Dckt. No. 188. The court informed plaintiff that while he was not required to produce documents that were not in his possession, custody or control, he was still required to provide a response to each document request certifying that he had no responsive documents in his possession. *Id.* at 2. The court informed plaintiff that if he could not produce responsive documents because they had been confiscated or could not be photocopied, he must submit a declaration to the court, detailing his efforts to obtain the requested documents. *Id.* The court also warned plaintiff that failure to comply with the court's order could result in terminating sanctions. *Id.* at 3.

On November 2, 2009, plaintiff filed a response to the court's order granting defendants' motion to compel. Dckt. No. 191. In his response, plaintiff described some of his earlier efforts to obtain documents responsive to defendants' requests, but plaintiff did not indicate that he had made any additional attempts to obtain copies of responsive documents after receiving the court's order. Additionally, plaintiff submitted objections to each of defendants' requests for production on the grounds that defendants already have all of the requested documents "as a matter of the department's official public record(s)." *Id.*, Ex. A. The precise meaning of

1 plaintiff's objection is unclear. However, the objection does not appear to be based on plaintiff's earlier advanced contention that he does not have responsive documents in his possession.

## II. Discussion

A court may dismiss a case for a party's failure to comply with court orders. Fed. R. Civ. P. 41(b). A court may also impose sanctions, including the sanction of dismissal, on a party who refuses to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(v). However, "'[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith.'" *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)). "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Id.* at 948 (quoting *Fjelstad*, 762 F.2d at 1341). Furthermore, to determine whether to impose the severe sanction of dismissal, a court must consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)); *Henry*, 983 F.2d at 948.

Defendants' motion fails to address any of the five factors to be considered by the court when determining whether to impose terminating sanctions. Defendants merely assert that they are "unable to file their motion for summary judgment without reviewing Plaintiff's supporting documents" and that "[a]ny claim by Plaintiff that he does not have access to photocopies, the law library, or his legal property is a pretext for refusing to comply with discovery . . . ." Dckt. No. 196 at 3. Defendants then conclude that the court should impose terminating sanctions. *Id.* at 4.

////

1    Defendants have not persuaded the court that terminating sanctions are justified in this
2 instance. They claim to be unable to file a motion for summary judgment without plaintiff's
3 discovery responses, but offer no explanation as to why that is so. Should plaintiff oppose any
4 summary judgment motion with evidence in the form of documents that defendants believe were
5 wrongfully withheld during discovery, defendants may object at that time and request less
6 drastic, evidentiary sanctions.
7    Additionally, the court declines to impose monetary sanctions upon plaintiff due to his in
8 forma pauperis status. Therefore, it is hereby ORDERED that defendants' August 8, 2009
9 request for monetary sanctions is denied.
10    Further, it is hereby RECOMMENDED that defendants' February 11, 2010 motion for
11 terminating sanctions be denied.
12    These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties. Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
17 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
18 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
19 Dated: February 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE