IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,                             No. 2:00-cv-2799 GEB EFB P

    vs.

CHERYL K. PLILER, WARDEN, et al.,

    Defendants.                <u>ORDER</u>

                             /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On February 25, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days from the date the findings and recommendations were served. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Plaintiff's objections, which exceed 50 pages, raise numerous complaints. Dckt. No. 225. Included among those complaints are two

arguments in opposition to the motion for summary judgment which plaintiff failed to include in his opposition brief: (1) that the 30-days of good time credits plaintiff lost as a result of the February 24, 1998 Rules Violation Report ("RVR") did not impact the duration of his sentence because plaintiff passed his minimum eligible parole date 2007 and (2) that plaintiff's retaliation claim with respect to that RVR is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In support of the first argument, plaintiff has attached to his objections a "calculation worksheet" dated April 25, 2011, which plaintiff contends shows that he has passed his minimum eligible parole date and which plaintiff argues he could not have included in his opposition, which was filed on April 26, 2011.

A district court has discretion not to consider evidence and argument offered for the first time in a party's objections to a magistrate judge's findings and recommendations. *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004). Where a pro se plaintiff who is ignorant of the law offers crucial facts as soon as he understands that they are necessary to prevent summary judgment against him, the court must consider those facts. *Id.*

As plaintiff's voluminous and detailed filings in this case attest, plaintiff is by no means ignorant of the law, despite his pro se status. As to the first argument plaintiff raises in his objections, plaintiff claims that he passed his minimum eligible parole date in 2007, well before he filed his 2011 opposition to the motion for summary judgment. Plaintiff offers no explanation why he could not have included an argument in his 2011 opposition filing regarding that date having passed, regardless of when the "calculation worksheet" was provided to him. Plaintiff also offers no explanation why he did not include his second argument in his opposition brief. Moreover, as to both arguments, plaintiff had an opportunity to file an amended or entirely new opposition in September 2012, in which he could have included the new arguments and the "calculation worksheet." Plaintiff chose not to do so. On these facts, the court declines to consider plaintiff's new arguments and evidence.

Plaintiff objects that the court has not yet ruled on his motion for reconsideration,

1  pending at Docket No. 219.  Plaintiff provides no indication that adoption of the findings and
2  recommendations will prejudice the outcome of that motion.  The court informs plaintiff that it
3  will consider the motion for reconsideration in due course.
4           Plaintiff seeks an injunction ordering that, if this case proceeds to trial, plaintiff be
5  housed somewhere other than California State Prison, Sacramento.  The objections to the
6  magistrate judge's findings and recommendations on defendants' motions for summary judgment
7  and to declare plaintiff a vexatious litigant is not the proper forum for seeking an injunction.  If
8  plaintiff seeks an injunction, he must file a properly supported motion for such.
9           Plaintiff objects that the findings and recommendations state that "Plaintiff further
10 claims that he was improperly assessed a 30-day credit loss for the February 24, 1998 RVR."
11 Dckt. No. 224 at 11, lines 6-7.  Plaintiff argues that he has never made such a claim.  It is true
12 that plaintiff's complaint does not raise or challenge the 30-day credit loss.  It is, however, a
13 matter of evidentiary record in this case that plaintiff was assessed a 30-day credit loss for the
14 February 24, 1998 RVR.  Dckt. No. 202 at 12.  While plaintiff believes it is significant that he
15 has never challenged the credit loss, the Supreme Court has made clear that what is determinative
16 in the *Heck* analysis is not whether plaintiff challenges the credit loss but whether the credit loss
17 was sustained.  *See Edwards v. Balisok*, 520 U.S. 641, 644 (1997) (applying *Heck* even though
18 plaintiff did not seek restoration of forfeited good-time credits).  The court accordingly will
19 decline to adopt the single quoted sentence of the findings and recommendations.
20          In all other respects, having carefully reviewed the entire file, the court finds the
21 findings and recommendations to be supported by the record and by proper analysis.
22          Accordingly, IT IS HEREBY ORDERED that:
23          1.  The findings and recommendations filed February 25, 2013, are adopted in
24 full, except the line: "Plaintiff further claims that he was improperly assessed a 30-day credit loss
25 for the February 24, 1998 RVR," appearing at page 11, lines 6-7 of the findings and
26 recommendations.  The court substitutes in its place: "Plaintiff was assessed a 30-day credit loss

for the February 24, 1998 RVR.  Dckt. No. 202 at 12."

    2. Defendants' March 28, 2011 motion for summary judgment (Dckt. No. 201) is granted in part, as follows:

        a. Summary judgment is granted in favor of defendants Colvin, Scarsella, and Rendon on plaintiff's claims related to the February 24, 1998 RVR; and

        b. Summary judgment is granted as to all defendants on any substantive due process claim that may be alleged in the third amended complaint's third cause of action.

    3. Defendants' motion for summary judgment is denied in all other respects.

    4. Defendants' March 28, 2011 motion to declare plaintiff a vexatious litigant (Dckt. No. 205) is denied.

So ordered.

Dated:  March 25, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge