IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

     Plaintiff,                        No. 2:00-cv-2799 GEB EFB P

    vs.

CHERYL K. PLILER, WARDEN, et al.,

     Defendants.                ORDER

       Plaintiff is a state prisoner pursing this civil rights action under 42 U.S.C. § 1983. Plaintiff seeks reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), of the court's several orders dismissing certain defendants and claims over the course of this action. ECF 219. His motion seeks reconsideration of numerous orders entered by the court dating back to 2002. The motion, which totals 93 pages, is repetitive, vituperative, and unduly long. The court has nevertheless reviewed the motion and can identify seven complaints raised therein:

       1. That the court should not have dismissed plaintiff's Eighth Amendment claim against defendant Pliler in 2002;

       2. That the court should not have dismissed plaintiff's First Amendment access to courts claim against defendant Pliler in 2006;

/////

1

3. That the court should have ordered that plaintiff's May 28, 2002 "supplemental pleading" be served on defendants Pliler and Rosario;

4. That the court should not have dismissed plaintiff's claims against defendant Adcock and eight others for failure to exhaust in 2007 and 2009;

5. That the court should not have directed plaintiff to file a third amended complaint in 2006;

6. That the court's 2006 order requiring plaintiff to file a third amended complaint failed to acknowledge plaintiff's retaliation claims against seven defendants;

7. That plaintiff's second amended complaint stated cognizable "conspiracy" claims against several defendants, which the court should not have dismissed in 2006.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Under Rule 60(c), a Rule 60(b) motion must be made within a reasonable time and, under subsections 60(b)(1)-(3), no more than a year after the entry of the order.

2

1  Plaintiff's motion is untimely. Plaintiff challenges orders that are between three and ten years old. While plaintiff claims that intervening changes in controlling law necessitate reconsideration of some orders (particularly, those identified as 1. and 4. above), the changed law cited by plaintiff was two years old at the time plaintiff filed the motion in September 19, 2012. *See Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010) (opinion filed on July 29, 2010 and amended on November 19, 2010); *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010) (opinion filed on July 15, 2010). Plaintiff has provided no explanation for the delay between the issuance of the opinions he relies on and the filing of his motion. Nor has plaintiff explained the many-years delay between this motion and the remaining orders he asks the court to reconsider. Accordingly, plaintiff's September 19, 2012 motion for reconsideration (ECF 219) is DENIED.

In addition, the court finds that the volume of plaintiff's filings are excessive. The instant motion's points and authorities alone exceed 90 pages. *Id.* Plaintiff has also filed another motion for reconsideration that exceeds 50 pages. Dckt. No. 229. Plaintiff has previously filed objections to the magistrate judge's findings and recommendations exceeding 50 pages. Dckt. No. 225. These filings impose a significant burden on the court's limited resources. Accordingly, the court determines that it is appropriate to limit plaintiff's filings. In particular, any memorandum of points and authorities filed by plaintiff in support of or in opposition to a motion shall be no longer than 25 pages with a font size of 12 Times New Roman (or equivalent font) and shall not include single spacing except for block quotes. Any filings exceeding these limitations will be stricken.

So ordered.

Dated: July 29, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3