UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY J. COHEA, | No.  2:00-cv-2799-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CHERYL PLILER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks reconsideration of the court's order of March 26, 2013 (ECF No. 227), particularly the portion of that order granting summary adjudication of plaintiff's claims related to the February 24, 1998 RVR in favor of defendants Colvin, Scarsella, and Rendon.  ECF No. 229. Plaintiff disagrees with the decision in that order not to consider additional arguments and evidence that plaintiff raised for the first time in his objections to the magistrate judge's findings and recommendations.

Specifically, the court declined to consider plaintiff's new argument and evidence that his claims related to the February 24, 1998 RVR were not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because the 30 days of lost credits assessed by prison officials in response to that RVR could not have impacted the duration of his confinement.  Plaintiff argued and presented evidence showing that he had a maximum release date that passed in 2011 and an "earliest possible release

1

date" that passed in 2007, so any order invalidating the RVR (and thus essentially restoring the lost credits) could not result in an earlier release, as the restored credits would only impact dates that have long past.  The court declined to consider this new information, finding that plaintiff had failed to explain why he could not have included it in his opposition to the motion for summary judgment.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Here, plaintiff simply disagrees with the court's discretionary decision not to consider the argument and evidence he presented for the first time in his objections to the findings and recommendations.  The court concluded that plaintiff had the legal sophistication to include in his opposition to the motion for summary judgment an argument that restoration of the 30-days lost credits would not impact the duration of his sentence and that plaintiff had failed to show that he lacked the information he needed to do so during the briefing on that motion.  Plaintiff now asserts that he did not learn of the new information regarding the calculation of his credits and his release date until January 2013.  Even assuming the truth of this assertion, the findings and recommendations on the motion did not issue until February 25, 2013.  ECF No. 224.  Plaintiff did not seek to amend his opposition or otherwise inform the court of this new information during the period between when he claims he received the information and when the findings and recommendations issued.

/////

2

1   Accordingly, the April 8, 2013 motion for reconsideration (ECF No. 229) is hereby
2 DENIED.
3 Dated:  May 22, 2014

```
_____
GARLAND E. BURRELL, JR.
Senior United States District Judge
```