UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | No. 2:00-cv-2799-GEB-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHERYL K. PLILER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a document entitled "request for order on obstruction of justice related to obstruction of court order(s)." ECF No. 252.

In this filing, plaintiff asks the court to intervene to stop prison officials from following a policy that plaintiff contends is obstructing his ability to litigate this case. Under the challenged policy, the prison stores "excess active case legal materials/documents" in a storage area, and the inmate-litigant can access those excess legal materials by requesting to exchange one box of legal materials stored in the litigant's cell with one box in the storage area at a rate of one box exchange per week. *Id.* at 23-24. Plaintiff also claims that prison officials have retaliated against him for his litigation efforts by wrongfully citing him for rules violations while in the prison law library. He further claims that he has been deprived of physical access to the law library for periods of time as a result of these disciplinary citations.

1

1	Plaintiff's request for court intervention against persons who are not parties to this case is
2	governed by The All Writs Act.  That Act gives federal courts the authority to issue "all writs
3	necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and
4	principles of law."  28 U.S.C. 1651(a).  It is meant to aid the court in the exercise and
5	preservation of its jurisdiction.  *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289
6	(9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in
7	appropriate circumstances against persons who, "though not parties to the original action or
8	engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the
9	proper administration of justice."  *United States v. N.Y. Tel. Co*., 434 U.S. 159 (1977).

10	To obtain an order under the All Writs Act, the requested order must be "necessary."  This
11	language requires that the relief requested is not available through some alternative means.
12	*Clinton v. Goldsmith*, 526 U.S. 529 (1999).  Here, plaintiff has not provided the court with
13	sufficient information from which the court can conclude that the order he seeks is necessary. His
14	motion does not contain any specific facts showing how the challenged policy has prevented him
15	from effectively litigating this case.  There are no facts in the instant motion, for example,
16	showing that plaintiff cannot organize his case materials in such a way so that he can access the
17	materials he needs under the box exchange policy, or that prison officials are refusing to
18	exchange boxes when requested by plaintiff.  Nor has plaintiff produced any specific facts or
19	evidence on his claims that the disciplinary actions taken against him by library staff are
20	retaliatory or baseless or that, when he lacked physical access to the library he could not obtain
21	the library materials he needed through the prison's paging system.  *See* ECF No. 252 at
22	(exclaiming, "'Paging' systems won't do!!!" but not explaining why).  Accordingly, plaintiff's
23	request for judicial intervention should be denied without prejudice.   Plaintiff may file a new
24	request for intervention presenting specific facts from which the court can conclude that prison
25	officials are actually hindering his ability to litigate this case.  A simple recitation of those facts is
26	all that is required; plaintiff need not provide lengthy case citations.
27	/////
28	/////

2

1   For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's "request for
2  order on obstruction of justice related to obstruction of court order(s)" (ECF No. 252) be denied
3  without prejudice.
4   These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 DATED:  February 17, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE