1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   DANNY JAMES COHEA,                    No.  2:00-cv-02799-GEB-EFB

10              Plaintiff,

11       v.                               **SECOND SUPPLEMENT TO PRETRIAL
                                          ORDER**
12  J. COLVIN, D. McCARGAR, S.L.
    BAUGHMAN, M.A. MICHEELS, R
13  YAMAMOTO, SD AKIN, D. ADAMS,
    and A GOLD,
14
               Defendants.
15

16

17          Defendants' Supplemental Pretrial Statements filed June

18  5, 2015, (ECF Nos. 277, 279), indicate the following second

19  supplement to the February 20, 2015 Pretrial Order ("PO") should

20  issue.

21                       **AFFIRMATIVE DEFENSES**

22          The following affirmative defenses are preserved for

23  trial:

24          1)  Statute of limitations concerning Plaintiff's

25  claims against Defendants McCargar, Baughman, and Micheels

26  concerning the September 27, 1997 Rules Violation Report ("RVR"),

27  and

28          2)  Qualified immunity alleged by each Defendant.

                                  1

1    As the Ninth Circuit states in *Act Up!/Portland v.*

2  *Bagley*, 988 F.2d 868, 873 (9th Cir. 1993):

3         [T]he determination of what conduct underlies
          the alleged violation-what the officer and
4         claimant did or failed to do-is a
          determination of fact [to be decided by a
5         jury;] however, . . . . the determination
          whether those facts support an objective
6         belief that [the officer reasonably believed
          he was not violating Plaintiff's right to be
7         free from excessive force] is ordinarily a
          question for the court.
8

9    Since the jury will not decide the question of law

10  involved in determining whether any Defendant is entitled to

11  qualified immunity, the proposed jury instructions need not

12  include instruction on this affirmative defense. The jury will

13  resolve the discrete issues of fact, if any, and all assertions

14  made by the parties regarding the defense of qualified immunity

15  shall be confined to those issues of fact.

16    Accordingly, a special verdict or interrogatories shall

17  be filed by each party for all factual disputes to be resolved by

18  the jury concerning the qualified immunity affirmative defense no

19  later than July 21, 2015. Further, no later than July 21, 2015,

20  each party shall file proposed prevailing party findings of fact

21  and conclusions of law concerning this affirmative defense.

22    Defendants also assert their position that "[t]he

23  Federal Civil Rights Act provides liability only against those

24  who, through their personal involvement or failure to perform

25  legally required duties, caused the deprivation of another's

26  constitutionally protected rights[,]" and they did not

27  "personally cause Plaintiff any harm." (Defs. Adams, Akins,

28  Baughman, Colvin, Gold, McCargar, Micheels, and Yamamoto's Supp.

Pretrial Stmt. 2:2-4, 2:12, ECF No. 277; Def. Scarsella's Supp. Pretrial Stmt. 1:26-28, 2:8-9, ECF No. 279.) However, argument that "merely negates . . . element[s]" of a claim is not an affirmative defense. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

Dated:  June 8, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3