UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | No. 2:00-cv-2799-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CHERYL K. PLILER, et al., | |
| Defendants. | |

The case is set for trial beginning July 28, 2015. Currently before the court are two motions filed by plaintiff.[1] In the first motion, plaintiff seeks various orders relating to evidence. ECF No. 272. In the second, plaintiff seeks a temporary restraining order relating to his housing during trial. ECF No. 275. The court will deny the bulk of plaintiff's evidentiary requests at this time and recommend that the motion for a temporary restraining order be denied, for the reasons that follow.

**I.    Motion Regarding Evidence**

In his May 21, 2015 motion, plaintiff asks the court for three orders: (1) to compel defendants to provide him with a copy of the transcript of his deposition or alternatively to rule that defendants may not use the deposition at trial; (2) to compel defendants to produce their

---

[1] Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.

1

1  "conduct records" from their personnel files; and (3) to rule that disciplinary documents in
2  plaintiff's prison file are inadmissible. ECF No. 272. Defendants oppose these requests, arguing
3  that they are grossly untimely discovery requests, that defendants have no obligation to provide
4  the transcript, that defendants' conduct records are privileged, and that plaintiff's request
5  regarding his discipline records is premature. ECF Nos. 278, 289.

6        The court finds that plaintiff's request for defendants' conduct records is untimely.
7  Plaintiff was required to obtain evidence from defendants in accordance with the court's
8  discovery and scheduling order (ECF No. 180), which provided a deadline of August 7, 2009.
9  Plaintiff's request for evidence from defendants is nearly six years late. Under Federal Rule of
10 Civil Procedure 16(b), if plaintiff would like to make an untimely discovery request, he must ask
11 the court to modify the schedule. Such a motion must be supported by a showing of "good
12 cause," which means that plaintiff must show the court that he could not have sought defendants'
13 conduct records during the original discovery window even if he had acted diligently, "because of
14 the development of matters which could not have been reasonably foreseen or anticipated" at the
15 time the schedule issued. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir.
16 1992). Plaintiff has not shown good cause, and accordingly his late request for discovery of
17 defendants' personnel records will be denied.

18       As for plaintiff's deposition transcript, the court notes that defendants lodged a copy of the
19 deposition transcript with the court in accordance with Local Rule 133(j). ECF No. 203. In
20 accordance with Local Rule 135(d), defendants shall also serve a copy of the deposition transcript
21 upon plaintiff. *See* E.D. Cal. Local Rule 135(d) Service Upon All Parties ("copies of all
22 documents submitted to the Court shall be served upon all parties to the action"). Having not
23 done so when the transcript was lodged with the court, defendants are ordered to do so within 14
24 days of the date of this order.

25       Lastly, plaintiff's request that the court rule that his disciplinary records are inadmissible
26 is premature. If plaintiff wishes the court to rule on the admissibility of such records prior to trial,
27 /////
28 /////

he must file a motion in limine addressing that issue in accordance with the schedule set in the pretrial order. ECF No. 255 at 6 (ordering that motions in limine be filed no later than 21 days prior to trial).[2]

## II. Motion for Temporary Restraining Order

Plaintiff has filed a motion for a temporary restraining order ("TRO"), asking that the court compel authorities to house him somewhere other than California State Prison, Sacramento ("CSP-Sac") for trial and to ensure that his work product is timely transferred with him. ECF No. 275. He argues that, because he seeks an injunction prohibiting authorities from housing him at CSP-Sac in this action, the TRO is necessary to preserve the status quo pending the outcome of trial. He also claims that authorities have repeatedly failed to properly handle and return plaintiff's legal work when he has been transferred. Thus, plaintiff argues that an order is necessary to ensure that such property is properly and timely transferred and returned to him when he is transported here for trial.

Plaintiff's request for a temporary restraining order prohibiting his housing at CSP-Sac is governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *L.A.Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); *Century Time Ltd. v. Interchron Ltd.*, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

/////

---

[2] Plaintiff complains that the court has not modified the pretrial order after receiving his objections thereto. ECF No. 272 at 2; *see* ECF No. 258 (plaintiff's objections to the pretrial order). The court has reviewed plaintiff's objections and determined that there is no cause to modify the pretrial order. The pretrial order of February 19, 2015 is final, except as the district judge may modify it in his discretion.

1    To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to
2    succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
3    relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."
4    *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555
5    U.S. 7 (2008)).  The U.S. Court of Appeals for the Ninth Circuit has also held that the "sliding
6    scale" approach it applies to preliminary injunctions—that is, balancing the elements of the
7    preliminary injunction test, so that a stronger showing of one element may offset a weaker
8    showing of another—survives *Winter* and continues to be valid.  *Alliance for the Wild Rockies v.*
9    *Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the
10   merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an
11   injunction, assuming the other two elements of the *Winter* test are also met."  *Id*.  In cases brought
12   by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly
13   drawn, extend no further than necessary to correct the harm the court finds requires preliminary
14   relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

15          Plaintiff argues that he will suffer irreparable harm if he is housed at CSP-Sac during trial,
16   but it is not clear from his motion what harm he believes he will incur.  It appears that plaintiff
17   believes that defendants may retaliate against him if he is housed in CSP-Sac, although even that
18   is not clear.  Assuming this to be plaintiff's claim of harm, his suggestion of possible harm is too
19   speculative for the court to conclude that he faces irreparable harm if housed at CSP-Sac.
20   Moreover, plaintiff has made no showing of a serious question on the merits, that the balance of
21   hardships tips in his favor, or that the requested housing order would be in the public interest.
22   Accordingly, it is recommended that plaintiff's request for an order prohibiting authorities from
23   housing him at CSP-Sac during trial be denied.

24          Plaintiff's request for an order ensuring delivery of his work product does not implicate
25   the conduct (or speculated future conduct) of any defendant or involve the allegations in this
26   action and thus is not a request for an injunction in the traditional sense.  Rather, plaintiff seeks an
27   order compelling a non-party (whatever CDCR authorities will process and transfer his legal
28   property for trial) to take a course of action plaintiff believes will be necessary for the fair

litigation of this case. Such a request is more correctly viewed as a request for an interlocutory order under the All Writs Act, 28 U.S.C. § 1651. *See, generally, Fitzpatrick v. California City*, No. 1:96-CV-5411 AWI SMS, 2014 U.S. Dist. LEXIS 67950, at *15-16 (E.D. Cal. May 16, 2014).

The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is meant to aid the court in the exercise and preservation of its jurisdiction. *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

Plaintiff claims that when he has been transferred in the past, prison authorities have failed to properly transfer his legal work and to return it to him. ECF No. 275 at 11-12. Plaintiff states that when he has been transferred from prison to prison, it often takes months and the filing of administrative grievances for him to receive his property. *Id.* at 11. Plaintiff states that when he was brought to Fresno for the settlement conference in this case, his legal work was somehow dropped from the transport vehicle and fell from its envelope before being gathered back together and stuffed back in the envelope in disarray. *Id.* at 12. Plaintiff then spent much of the conference attempting to get his papers back in order. *Id.*

Although plaintiff must have ready and reasonable access to his legal papers necessary to proceed with this trial, it does not appear that an order directed to the CDCR on this point is necessary at this time. Should authorities fail to deliver plaintiff's necessary legal work to him following his transfer to Sacramento for trial (a situation the court would likely view with extreme disfavor), plaintiff may raise the issue with the court at the start of trial. Accordingly, it

is recommended that plaintiff's request for a court order compelling prison authorities to ensure the proper transfer and delivery of plaintiff's legal work for trial be denied.

### III. Order and Recommendation

For the foregoing reasons, it is hereby ORDERED that plaintiff's May 21, 2015 motion (ECF No. 272) is granted in part and denied in part as follows:

1. Plaintiff's motion to compel production of defendants' conduct records is denied;
2. Plaintiff's motion to compel production of his deposition transcript is granted, and defendants shall provide a copy of the transcript to plaintiff within 14 days of the date of this order; and
3. Plaintiff's motion to exclude his disciplinary records is denied without prejudice.

It is further RECOMMENDED that plaintiff's June 1, 2015 motion for a temporary restraining order (ECF No. 275) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6