UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>          Plaintiff,<br><br>     v.<br><br>J. COLVIN, D. McCARGAR, S.L. BAUGHMAN, M.A. MICHEELS, R YAMAMOTO, SD AKIN, D. ADAMS, A GOLD, and S. SCARSELLA,<br><br>          Defendants. | No.  2:00-cv-02799-GEB-EFB<br><br>**ORDER RE MOTIONS IN LIMINE** |

Defendants move in limine ("MIL") for a pretrial order precluding the admission of certain evidence at trial. Plaintiff did not file an opposition or statement of non-opposition to any MIL. Each MIL is addressed below.

**A.  Defendants Adams, Akin, Baughman, Colvin, Gold, McCargar, Micheels, and Yamamoto's MILs**

**MIL No. 1**

Defendants Adams, Akin, Baughman, Colvin, Gold, McCargar, Micheels, and Yamamoto (collectively referred to as "Defendants") "request an order precluding Plaintiff . . . from testifying about or otherwise mentioning or referencing (1) interference with Plaintiff's access to the law library at CSP-Sac and (2) his ability to pursue a habeas corpus action."

1

(Defs.' MIL No. 1 2:12-14, ECF No. 298.) Defendants argue "Plaintiff's First Amendment, 'access to court' claims have been dismissed. . . . Consequently, evidence of law library access and Plaintiff's habeas corpus action are [irrelevant and] inadmissible." (Id. at 3:16-17, 3:25-26.) Defendants also argue "[s]uch evidence should . . . be excluded" under Federal Rule of Evidence ("Rule") 403. (Id. at 4:4-6.)

This motion lacks the preciseness and sufficient factual context required for a pretrial in limine ruling. See, e.g., Weiss v. La Suisse, Soc'y D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003) (denying motion to exclude evidence for a "lack[] of specificity[,]" stating "[n]o particular documents or testimony have been identified in the motion"); Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (stating "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

**MIL No. 2**

Defendants "seek an order in limine barring Plaintiff from introducing evidence of [a] conspiracy between the Defendants[,]" arguing such evidence is irrelevant and should be excluded under Rule 403 since "conspiracy [i]s not a claim preserved for trial." (Defs.' MIL No. 2 2:7-12, 3:16, 3:19-23, ECF No. 299.)

This motion lacks the preciseness and sufficient factual context required for a pretrial in limine ruling.

**B.    Defendant Scarsella's MILs**

**MIL No. 1**

Defendant Scarsella ("Scarsella") "moves for an order excluding the introduction of any evidence, argument, or reference to prior settlement discussions between the parties in this case[,]" arguing "any reference to settlement offers or negotiations is specifically prohibited by [Rule] 408." (Def. Scarsella's MILs 2:27-3:10, ECF No. 300.)

This in limine motion is GRANTED.

**MIL No. 2**

Scarsella "moves for an order excluding the use of any exhibits identified by Plaintiff due to his failure to exchange copies of his exhibits as required by the final pretrial order." (Id. at 3:12-14.) Scarsella argues that Defendant's "failure to exchange his exhibits . . . has . . . prejudiced [him] insofar as he cannot file objections or motions in limine to the same." (Id. at 3:14-16.)

Scarsella has not shown that a pretrial exclusion ruling is an appropriate sanction for Plaintiff's failure to timely exchange his trial exhibits. For example, two of Plaintiff's categories of trial exhibits consist of "[a]ll [Rules Violation Reports ("RVRs")] related to this case," and "[a]ll grievances related to this case." (Pretrial Order 17:11-12, ECF No. 255.) Defendants also identified these documents as trial exhibits. (Id. at 18:2-8, 18:25-19:5.) Therefore, Scarsella has not shown why he would be prejudiced by their admission even if they were not exchanged in advance of trial.

3

For the stated reasons, this in limine motion is DENIED.

**MIL No. 3**

Scarsella "moves for an order precluding any opinion testimony from Susan Christian, Esq. whom Plaintiff identified in his pretrial statement as an expert witness and/or more particularly an order precluding her from testifying as to whether defendants actions constituted a denial of access to the courts as alleged by Plaintiff." (Scarsella's MILs 4:18-22.) Scarsella argues her testimony should be excluded under Federal Rule of Civil Procedure 37(c)(1) since Plaintiff failed to properly disclose her as an expert witness. (Id. at 5:12-18.)

Scarsella has not shown that a pretrial decision on this in limine motion is necessary since the Court denied Plaintiff's motion to secure the attendance of certain unincarcerated witnesses, including Susan Christian. (See Order 8:10-20, 9:1-3, June 5, 2015, ECF No. 276; Order Denying Pl.'s Mot. Recons., ECF No. 295.)

**MIL No. 4**

Scarsella "moves for an order excluding all witnesses from the courtroom during trial" under Rule 615 "with the exception of Plaintiff and the individually named defendants." (Scarsella's MILs 5:24-6:4.)

This in limine motion is GRANTED.

**MIL No. 5**

Scarsella "moves for an order excluding the introduction of any evidence, argument, or reference to California Department of Corrections and Rehabilitation ("CDCR")

4

agreeing to defend Mr. Scarsella and indemnify him against any compensatory damages awarded in this matter[,]" arguing "CDCR's indemnification is not relevant because it does not affect liability, damages, or any other aspect of the case[,]" and "such information prejudices Mr. Scarsella, because the jury may be more willing to find against him if they understand that California, a faceless and ostensibly wealthy state, is footing the bill." (Id. at 6:6-18.)

This in limine motion is GRANTED.

Dated: July 17, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge