1

2

3

4                     UNITED STATES DISTRICT COURT

5                     EASTERN DISTRICT OF CALIFORNIA

6

7    DANNY JAMES COHEA,                    No.  2:00-cv-02799-GEB-EFB

8              Plaintiff,

9       v.                                 **PROPOSED TRIAL DOCUMENTS**

10   J. COLVIN, D. McCARGAR, S.L.
     BAUGHMAN, M.A. MICHEELS, R
11   YAMAMOTO, SD AKIN, D. ADAMS,
     A GOLD, and S. SCARSELLA,
12
               Defendants.
13

14

15          Attached are the Court's proposed voir dire questions

16   and preliminary jury instructions. Any proposed modifications

17   should be submitted as soon as practicable.

18   Dated:  July 20, 2015

19

20                                  _____

21                                  GARLAND E. BURRELL, JR.
                                    Senior United States District Judge
22

23

24

25

26

27

28
                                      1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>                    Plaintiff,<br><br>          v.<br><br>J. COLVIN, D. McCARGAR, S.L.<br>BAUGHMAN, M.A. MICHEELS, R<br>YAMAMOTO, SD AKIN, D. ADAMS,<br>A GOLD, and S. SCARSELLA,<br><br>                    Defendants. | No. 2:00-cv-02799-GEB-EFB<br><br><br>**VOIR DIRE** |

Good morning and welcome to the United States District Court. Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter.

We are about to begin what is known as voir dire. The purpose of voir dire is to determine whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called

1

peremptory challenges, which excuse a potential juror from sitting as a juror on this case.  A potential juror can also be excused for other reasons.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   The Jury Administrator randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat.  The Courtroom Deputy has given each juror a large laminated card on which the number is placed, which reflects the order in which the juror was randomly selected.

3.   I will ask a series of questions to the jurors as a group. If you have a response, please raise the number you've been given. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no number is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last name or just your seat number, then your response. That should expedite the process.

4.   If you conclude any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know. While I'm authorized under law to protect your legitimate privacy interest, I may ask some questions about the matter you indicate you want to discuss privately to determine whether it, or any aspect of the matter, should be discussed in open court. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

5.   The evidence and argument portion of the trial should be completed in approximately 3 court days, after which the case will be submitted to the jury for jury deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations. Does this schedule present a special problem to any member of the jury panel?

6.   This is a civil lawsuit filed by the Plaintiff Danny James Cohea against the Defendants Adams, Akin, Baughman, Colvin, Gold, McCargar, Micheels, Scarsella, and Yamamoto. The Plaintiff is representing himself, which means that, in addition to his role as the Plaintiff, he is acting as his own attorney during the trial.

The lawsuit concerns events that occurred from 1997 to 2000, when the Plaintiff was a state prisoner housed at the California State Prison, Sacramento, which will be referred to as CSP-Sacramento. At the referenced time, the Defendants worked as correctional staff at CSP-Sacramento.

Plaintiff alleges that the Defendants retaliated against him in violation of the First Amendment by issuing, endorsing, and/or finding him guilty of false disciplinary reports. Plaintiff further claims that Defendants Akin, Gold, and Michaels violated his Fourteenth Amendment due process rights during prison hearings that concerned the disciplinary reports. Plaintiff has the burden of proving his claims.

Defendants respond that they did not retaliate against Plaintiff but took appropriate measures to maintain institutional order, and did not violate Plaintiff's due process rights during the prison disciplinary hearings.

7.   Raise your number if you have any knowledge of the facts or events in this case or if there is anything about the allegations which causes you to feel that you might not be a fair juror in this case.

8.   Raise your number if there is any reason why you will not be able to give your full attention to this case.

9.   Raise your number if you will not be able to decide this case based solely on the evidence presented at the

trial or if you are opposed to judging a witness's credibility.

10.   Raise your number if you will not apply the law I will give you if you believe a different law should apply.

11.   Would Plaintiff introduce himself, and indicate any witness that he may choose to call.

12.   Would Defendants' attorneys now introduce themselves, their clients, and indicate any witness that their clients may choose to call.

Raise your number if you know or have had any interaction with any person just introduced or named.

13.   Raise your number if you have ever served as a juror in the past.

State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

14.   Raise your number if you, any member of your family, or any close friend has ever been employed by a law enforcement agency, including military law enforcement?

Is there anything about that employment which might cause you to favor or disfavor any party in this case or make it difficult for you to be a juror in this case?

15.   Raise your number if you would tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

16.   On the other hand, raise your number if you would tend not to believe testimony of a witness just because that witness is a law enforcement officer?

17.   Raise your number if you have had any experience or are aware of anything that could have a bearing on your ability to be a fair and impartial juror in this case.

18.   Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Raise your number if you have information that you think should be shared before each side is given an opportunity to exercise what are called peremptory challenges.

19.   The Courtroom Deputy Clerk will give juror number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions. The sheet asks you to state:

Your name and your educational background and the educational background of any person residing with you; and

Your present and former occupations and the present and former occupations of any person residing with you.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

             Plaintiff,

      v.

J. COLVIN, D. McCARGAR, S.L. BAUGHMAN, M.A. MICHEELS, R YAMAMOTO, SD AKIN, D. ADAMS, A GOLD, and S. SCARSELLA,

             Defendants.

No. 2:00-cv-02799-GEB-EFB

**PRELIMINARY JURY INSTRUCTIONS**

PRELIMINARY INSTRUCTION NO. 1


Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions, which will govern your deliberations.

You must not infer from these instructions, or from anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

PRELIMINARY INSTRUCTION NO. 2

I am now going to give you jury admonitions that you must remember. When we take recesses, I may reference these admonitions by telling you to remember the admonitions or something similar to that. You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, Facebook, text messaging, or any Internet chat room, blog, Web site, App, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone

2

else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom deputy, or to the court reporter if my courtroom deputy is not present, who will give it to me.

PRELIMINARY INSTRUCTION NO. 3

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

PRELIMINARY INSTRUCTION NO. 4


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties agree.

5

PRELIMINARY INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by Defendants' attorneys and by Plaintiff, except when Plaintiff is testifying under oath, are not evidence. Defendants' attorneys are not witnesses and Plaintiff is not a witness except when he testifies under oath. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way Defendants' attorneys and Plaintiff state them, your memory of the facts controls;

Second, questions and objections by the parties are not evidence. The parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a

6

limiting instruction, you must follow it;

   Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

PRELIMINARY INSTRUCTION NO. 6


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

PRELIMINARY INSTRUCTION NO. 7


There are rules of evidence that control what can be received into evidence. When Plaintiff or Defendants' attorneys ask a question or offer an exhibit into evidence, and another party thinks that it is not permitted by the rules of evidence, that party may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

PRELIMINARY INSTRUCTION NO. 8


During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time during the trial you cannot hear what is said or see what is shown, let me know so that I can correct the problem.

PRELIMINARY INSTRUCTION NO. 9


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

PRELIMINARY INSTRUCTION NO. 10

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

12

PRELIMINARY INSTRUCTION NO. 11


The next phase of the trial will now begin. First, each party may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and Defendants' attorneys may cross-examine. Then Defendants may present evidence, and Plaintiff may cross-examine.

After the evidence has been presented, the parties will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.