UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

   Plaintiff,

  v.

J. COLVIN, D. McCARGAR, S.L.
BAUGHMAN, M.A. MICHEELS, R
YAMAMOTO, SD AKIN, D. ADAMS,
A GOLD, and S. SCARSELLA,

   Defendants.

No.  2:00-cv-02799-GEB-EFB

**PROPOSED CLOSING JURY
INSTRUCTIONS**

   Attached are the Court's proposed closing jury instructions. Any proposed modifications should be submitted as soon as practicable.

   In the attached instructions, the Court has attempted to eliminate unnecessary language to "help the jurors . . . concentrate on the question[s] at hand." Achor v. Riverside Golf Club, 117 F.3d 339, 341 (7th Cir. 1997). For example, the attached instructions do not include Defendants' proposed jury instructions that instruct on 42 U.S.C. § 1983 claims generally since a court should avoid instructing jurors in "formal terminology . . . suited more to lawyers than to lay deciders," especially in the situation here, where it is undisputed that each Defendant acted under color of law. Achor, 117 F.3d at 341.

1

1    Further, Defendants' proposed jury instructions, the

2  appropriateness of which depend upon the presentation of evidence

3  at trial, and the proposed instruction concerning the

4  determination of the amount of punitive damages, are attached

5  hereto as "conditional instructions." They will be given to the

6  jury only if applicable.[1]

7  Dated:  July 24, 2015

8

9                          _____

10                         GARLAND E. BURRELL, JR.
                           Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

---

[1]    The trial will be conducted in two phases: liability and punitive
damages. If the jury finds punitive damages are recoverable in the liability
phase, trial on the amount of punitive damages will immediately occur. During
the first phase of the trial, the jury will be given a liability instruction
on punitive damages along with the other closing instructions and a verdict
form which will include the liability question on punitive damages. If the
answer is "yes," then evidence pertinent to the amount of punitive damages
would be presented in the second phase of the trial, following which the
parties would present closing argument on that issue and a jury instruction
would be given. The jury would then deliberate on the issue and fill in a
punitive damages verdict form.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. COLVIN, D. McCARGAR, S.L. BAUGHMAN, M.A. MICHEELS, R YAMAMOTO, SD AKIN, D. ADAMS, A GOLD, and S. SCARSELLA,<br><br>        Defendants. | No. 2:00-cv-02799-GEB-EFB<br><br><br>**CLOSING JURY INSTRUCTIONS** |

Instruction No.


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use during deliberations if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Instruction No.


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits which were received into evidence; and

any facts to which the lawyers have agreed.

Instruction No.


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by Defendants' attorneys and by Plaintiff, except when Plaintiff was testifying under oath, are not evidence. Defendants' attorneys are not witnesses and Plaintiff is not a witness except when he testified under oath. What they said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way Defendants' attorneys and Plaintiff stated them, your memory of the facts controls;

Second, questions and objections by the parties are not evidence. The parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, when I give a limiting

3

instruction, you must follow it;

Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No.


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No.


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factor that bears on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

6

Instruction No.


The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether to believe the witness and how much weight to give to the testimony of the witness, but for no other purpose.

Instruction No.


When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No.


You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

Instruction No.


The State of California and the California Department of Corrections & Rehabilitation are not defendants in this case.

Whether or not the State of California would reimburse the named defendants for any damages awarded is irrelevant and should not be considered in deciding this case.

Instruction No.


Plaintiff alleges that each Defendant violated his right under the First Amendment to the United States Constitution by retaliating against him for seeking redress of a prison grievance. A prisoner engages in First Amendment protected activity when he asserts a grievance with prison officials. Retaliation against a prisoner for exercising the right to seek redress of a prison grievance violates the prisoner's First Amendment right. It is undisputed that the Plaintiff engaged in the First Amended protected activity of asserting prison grievances.

To prevail on his First Amendment retaliation claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the Defendant took adverse action or actions against the Plaintiff;

Second, the Plaintiff's First Amendment protected activity was a substantial or motivating factor for the Defendant's action or actions;

Third, the Defendant's adverse action or actions resulted in more than minimal harm to the Plaintiff or would chill a person of ordinary firmness in the exercise of his right to present a prison grievance; and

11

Fourth, the Defendant's adverse action or actions did not reasonably advance a legitimate correctional goal.

A substantial or motivating factor is a significant factor. Timing can be considered as circumstantial evidence of retaliatory motive. However, neither timing alone nor sheer speculation is sufficient to show that the Plaintiff's protected activity was a substantial or motivating factor for the Defendant's adverse action or actions. The Plaintiff must show a nexus between his First Amendment protected activity and the Defendant's adverse action or actions.

Whether any action taken by the Defendant reasonably advanced a legitimate correctional goal is evaluated in the light of the deference given to prison officials in the adoption and execution of policies and practices that in their reasonable judgment are needed to preserve discipline and to maintain internal security in a prison.

12

Instruction No.

Plaintiff alleges that Defendants Akin, Gold, and Micheels violated his right to procedural due process under the Fourteenth Amendment to the United States Constitution in their conduct as Hearing Officers during prison disciplinary hearings. Under the Fourteenth Amendment, a state prisoner is entitled to certain procedural protections when he is charged with a disciplinary violation. Such procedural protections, however, are required only when the disciplinary action taken implicates a prisoner's constitutionally protected liberty interest.

To prevail on his Fourteenth Amendment procedural due process claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the Defendant's conduct deprived the Plaintiff of a constitutionally protected liberty interest; and

Second, the procedures provided to the Plaintiff in connection with the disciplinary hearing were constitutionally insufficient.

A constitutionally protected liberty interest restrains a prisoner's freedom in a manner not expected from his sentence and imposes an atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life.

13

In determining whether the Defendant's conduct deprived the Plaintiff of a constitutionally protected liberty interest, you should consider the following:

Whether the disciplinary condition imposed mirrored the conditions imposed upon prisoners in administrative segregation and protective custody, and thus comported with the prison's discretionary authority;

The duration of the condition, and the degree of restraint imposed; and

Whether the Defendant's action will affect the duration of the Plaintiff's sentence.

A disciplinary hearing's procedures are constitutionally sufficient if the prisoner is given advance notice of the charges, allowed to call witnesses or present other evidence in his defense, and provided with a statement of the evidence relied on by the prison official for his decision and the reasons for the disciplinary action.

However, you should give deference to prison officials in the adoption and execution of policies and practices to keep disciplinary hearings within reasonable limits that in their judgment are needed to preserve discipline and to maintain internal security in a prison, including refusing to call witnesses that are irrelevant, not necessary, or potentially

14

cause security threats.

Instruction No.


It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on one or more of his claims, you must determine his compensatory damages. The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Compensatory damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury that you determine the Defendant caused. You should consider the nature and extent of the deprivation experienced. An award of compensatory damages cannot include any sum for the purpose of punishing the Defendant, or to serve as an example or warning for others.

It is for you to determine what compensatory damages, if any, have been proved.

Your award must be based on evidence and not on speculation, guesswork, or conjecture.

16

Instruction No.


The law that applies to this case authorizes an award of nominal damages. If you find in favor of the Plaintiff on one or more of his claims, but you find that he has failed to prove compensatory damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Instruction No.


If you find for the Plaintiff on one or more of his claims, you must determine if the Defendant's conduct justifies an award of punitive damages.

The Plaintiff has the burden to prove by a preponderance of the evidence that punitive damages should be awarded. The amount of punitive damages, if any, will be decided later.

You may award punitive damages only if you find that the Defendant's conduct that harmed the Plaintiff was malicious, oppressive, or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law.  An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

18

Instruction No.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

19

Instruction No.


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Instruction No.


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

CONDITIONAL INSTRUCTIONS

[Conditional] Instruction No.

You must now decide the amount, if any, of punitive damages that you should award the Plaintiff. The Plaintiff has the burden of proving the amount of any such damages by a preponderance of the evidence.

The purposes of punitive damages are to punish the Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct.

23

[Conditional] Instruction No.


Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[Conditional] Instruction No.


Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.