UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | No. 2:00-cv-2799 GEB EFB P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CHERYL K. PLILER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The court has issued a number of writs of habeas corpus ad testificandum to secure the appearance of Plaintiff's incarcerated witnesses at trial.  Defendants now move to revoke two of those writs: for inmates Morris Rogers and Steven Martin.  ECF No. 297-1.  Plaintiff did not file an opposition or statement of non-opposition in response to the motion.[1]  For the reasons that follow, the court grants the motion as to Mr. Martin, and denies it as to Mr. Rogers.

The court must exercise its discretion to determine whether to issue a writ of habeas corpus ad testificandum directing the production of an inmate witness for trial, based on a consideration of such factors as: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (quoting *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir.

---

[1] A Minute Order issued on July 13, 2015, requiring Plaintiff to file any opposition to the motion no later than July 22, 2015. ECF No. 301.

1

1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).  Defendants argue that Mssrs. Rogers and Martin have no relevant information to offer at trial and will thus not further the resolution of the case.

Plaintiff avers concerning Mr. Rogers:

> Morris Rogers's name appears in the February 24, 1998 RVR hearing proceedings, testifying not only about that filed incident, but additionally testified that plaintiff always seems to have a problem getting into the library because [of] defendant Colvin's retaliatory treatment (to which Morris Rogers testified at the RVR hearing that Colvin's retaliatory treatment towards plaintiff was "worst treatment" than plaintiff was illustrating at the RVR hearing [sic].

ECF No. 259 at 4.  In issuing a writ to secure Mr. Rogers's presence at trial, the court determined that Plaintiff has provided sufficient facts showing that Mr. Rogers has relevant information to whether Defendant Colvin bore some ill feeling toward plaintiff and thus, whether Colvin issued one (or more) RVRs to Plaintiff to retaliate against him.

Defendants come now with a declaration from Mr. Rogers in which he avers that he does not remember plaintiff nor any incidents of unfair conduct by Defendants that showed that the bore ill feelings toward Plaintiff.  ECF No. 297-3.  However, evidence of record in this case shows that Mr. Rogers testified at an administrative hearing on March 5, 1998 that Defendant Colvin treated Plaintiff worse than other inmates in granting access to the law library.  ECF No. 202 at 11.  While Mr. Rogers may not remember these events, the record of the hearing may refresh his recollection.  Accordingly, the court declines to revoke the writ of habeas corpus ad testificandum issued to secure Mr. Rogers's presence at trial.

As to Mr. Martin, Plaintiff avers that he was a law clerk in the CSP-Sac library who

> personally witnessed every one of the incidents plaintiff asserts occurred concerning defendants Colvin and McCargar's retaliatory falsified RVR accusations (centering around or occurring in [CSP-Sac]'s B-facility law library). In fact, Steve Martin worked in B-facility law library on each one of the days defendant McCargar's and defendant Colvin's retaliatory falsified RVRs were alleged to have occurred, as Steve Martin also personally witnessed these incidents occurrences [sic] which took place outside of the law library concerning Plaintiff's failed attempts to gain access to the B-facility law library through defendant Colvin.

ECF No. 259 at 9.  In issuing the writ, the court found that Plaintiff's facts – that Mr. Martin was

present and witnessed the incidents that led the Defendants to issue the RVRs at issue in this case – were sufficient to show that Mr. Martin possesses relevant information that would substantially further the resolution of this case. However, Defendants now present a declaration from Mr. Martin declares that he "did not witness any incidents involving [Plaintiff] and [Defendants] which took place in or near the B-Facility Law Library at California State Prison, Sacramento." ECF No. 297-2. Because Mr. Martin avers that he did not witness the events in question and, unlike Mr. Rogers, there is no possibility of refreshing his recollection, the court will revoke the writ of habeas corpus ad testificandum issued to secure Mr. Martin's presence at trial.

For the reasons stated above, it is hereby ORDERED that:

1. Defendants' July 7, 2015 motion to revoke writs of habeas corpus ad testificandum is granted as to Mr. Martin and denied as to Mr. Rogers;
2. The court hereby revokes the writ of habeas corpus ad testificandum issued to secure Mr. Martin's attendance at trial (ECF No. 283); and
3. The Clerk of Court is directed to serve a copy of this order on the Warden of Centinela State Prison, 2302 Brown Road, Imperial, CA, 92251, and to serve a courtesy copy of this order on the Centinela State Prison litigation coordinator via facsimile.

Dated: July 27, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge