UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

Plaintiff,

v.

J. COLVIN, D. McCARGAR, S.L. BAUGHMAN, M.A. MICHEELS, R YAMAMOTO, SD AKIN, D. ADAMS, A GOLD, and S. SCARSELLA,

Defendants.

No. 2:00-cv-02799-GEB-EFB

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT**

Trial commenced in this action on July 28, 2015. On July 30, 2015, the Court granted each Defendant's motion for judgment as a matter of law, and judgment was entered accordingly on August 4, 2015. On August 13, 2015, Plaintiff filed a motion to vacate the judgment under Federal Rule of Civil Procedure 59(e), arguing the Court violated his due process rights and his right to a jury trial. (Pl.'s Mot. Vacate 2, ECF No. 333.) Specifically, Plaintiff argues the Court incorrectly limited the claims to be presented at trial in its pretrial orders, obstructed Plaintiff's presentation of evidence at trial, allowed the jury to be tarnished by one potential juror's bias, and permitted the jury to see Plaintiff while in wrist restraints. (Id.)

Defendants oppose the motion, rejoining, "Plaintiff's moving papers do not meet his burden of demonstrating cause to alter or amend the judgment" under Rule 59(e). (Defs.' Opp'n to Mot. Vacate 2:19-20, ECF No. 336.) Defendants argue:

> Plaintiff's moving papers do not identify any newly discovered evidence, clear error committed by the District Judge, or an intervening change in the controlling law. Rather, Plaintiff submits a vague statement that the District Judge violated his due process rights and right to a jury trial, and he complains about jury selection. Notably, since the District Judge granted Defendants' motion for judgment as a matter of law, this case was not submitted to the jury for determination, and any jury selection issues are therefore irrelevant. Moreover, Plaintiff has not submitted evidence or otherwise cited to the record demonstrating any basis for amending the Judgment or granting a new trial.

(Id. at 2:12-19.)

"Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." Id. (internal quotation marks and citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id.

Plaintiff has not made a sufficient showing to amend the judgment on any of the referenced grounds. Therefore, Plaintiff's motion, (ECF No. 333), is DENIED.

Dated: September 4, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge