UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>            Plaintiff,<br><br>     v.<br><br>J. COLVIN, D. McCARGAR, S.L. BAUGHMAN, M.A. MICHEELS, R YAMAMOTO, SD AKIN, D. ADAMS, A GOLD, and S. SCARSELLA,<br><br>            Defendants. | No. 2:00-cv-02799-GEB-EFB<br><br>**ORDER** |

On September 8, 2015, the Court issued an order, (ECF No. 338), denying Plaintiff's August 13, 2015 motion to vacate the judgment under Federal Rule of Civil Procedure 59(e). Nine days later, on September 17, 2015, Plaintiff filed a reply brief concerning his Rule 59(e) motion. (Pl.'s Reply, ECF No. 339.)

Plaintiff now seeks reconsideration of the September 8, 2015 order so the Court may consider his reply brief. (Pl.'s Req. Vacate Sept. 4, 2015 Order, ECF No. 345.) Plaintiff asserts the September 8, 2015 order "<u>deprived</u> Plaintiff . . . his constitutional statutory right to file a "reply" to Defendants' 'September <u>03</u>, 2015 Opposition in violation of this Court's Local Rule 230(1) <u>and</u> Federal Rule of Civil Procedure 78." (<u>Id.</u> at 2.)

1

Plaintiff's reconsideration request is GRANTED, and the September 8, 2015 order is withdrawn. Therefore, the court now decides Plaintiff's August 13, 2015 Rule 59(e) motion after reviewing Plaintiff's reply brief.

"Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." Id. (internal quotation marks and citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id.

Plaintiff has not made a sufficient showing to amend the judgment on any of the referenced grounds. Therefore, Plaintiff's motion, (ECF No. 333), is DENIED.

Dated: October 6, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2