UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | No. 2:00-cv-2799 GEB EFB P |
| Plaintiff, | |
| v. | ORDER |
| CHERYL K. PLILER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a request for a reporter's transcript of the trial in this action to be paid by the government. ECF No. 351.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991), overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the

1

record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). A "substantial question" under § 753(f) is "one which is 'reasonably debatable' based on an objective standard." *United States v. Frost*, 344 F. Supp. 2d 206, 208 n.1 (D. Me. 2004) (citation omitted). "In addition, the requested trial transcript must be required for proper appellate review." *Id*. (internal quotation marks omitted).

The court has reviewed plaintiff's notice of appeal and concludes that plaintiff's appeal does not raise a substantial question. Accordingly, the January 4, 2016 motion for transcripts to be prepared at government expense (ECF No. 351) is denied. Plaintiff may bring the same motion in the Ninth Circuit. 28 U.S.C. § 753(f).

Dated:  January 7, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge